IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FAIRHOPE MUNICIPAL COURT, *et al.*, | * * * |
| Plaintiffs, | * * |
| vs. | * CIVIL ACTION NO.13-00576-WS-B * |
| DARRELL WILLIAMS-BEY, | * * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the Court on Defendant Darrell Williams-Bey's Notice of Removal (Doc. 1) and Motion to Proceed Without Prepayment of Fees (Doc. 2). Upon the Court's *sua sponte* review of Williams-Bey's Notice of Removal, the undersigned finds that this Court lacks subject matter jurisdiction and therefore RECOMMENDS that this case be remanded to the Fairhope Municipal Court[1].

**I.   Background**

Defendant Darrell Williams-Bey, who is proceeding *pro se*, filed a Notice of Removal on November 19, 2013. (Doc. 1). As best the Court can discern, Williams-Bey is facing criminal charges in the Municipal Court of Fairhope, Alabama for reckless endangerment, resisting arrest, attempting to allude officers,

---

[1] This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and the Court's Standing Order of General Reference.

and driving under the influence of alcohol (Case Number SCC 13-090105). (Doc. 1 at 4). Williams-Bey contends that Officers Benjamin Taylor, Andrew Babb, and Trent Scott detained him as he was traveling near Young Street, Bosby Lane, and Highway 181. Williams-Bey further alleges that the officers told him that he was in violation of statutes prohibiting "Reckless Endangerment, Resisting Arrest, Attempting to Allude, Driving Under the Influence of Alcohol[,] etc." (Id.). According to Williams-Bey, he was "commanded" to pay fines and costs, which were "[i]mposed under threat, duress, and coercion". (Id.). He asserts that any criminal charges should be instituted against Plaintiffs rather than him, and that he should be awarded money damages against the City of Fairhope and the other Plaintiffs. (Doc. 1 at 15)

Williams-Bey further contends that although he was born in America, he is not an American citizen. Instead, he is an "Aboriginal Indigenous Moorish-American; possessing Free-hold by Inheritance Status; standing squarely affirmed and bound to the Zodiac Constitution, with all due respect and honors given to the Constitution for the Unites States Republic, North America". Williams-Bey essentially argues that his criminal prosecution is subject to removal because he is a foreign citizen and any criminal prosecution of him is governed by the Treaty of Peace and Friendship of 1836 A.D. ("the Treaty"). (Id., at 5).

2

**II. Analysis**

    **A.    Removal Standards**

As a preliminary matter, the undersigned observes that pleadings of a *pro se* litigant are held to a less stringent standard than those drafted by an attorney, and therefore must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L. Ed. 2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Further, federal courts are courts of limited jurisdiction, and as such, this Court is required to inquire into its jurisdiction at the earliest possible point in the proceeding. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999); Wernick v. Matthews, 524 F.2d 543, 545 (5th Cir. 1975); Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam); see also Save the Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981) (per curiam) (holding that courts must constantly examine the basis of their jurisdiction before proceeding to the merits).

The burden of establishing subject matter jurisdiction for

the purpose of a valid removal is squarely on the removing party. Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir 2005) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citation omitted). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. See University of S. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

If a defendant removes a criminal prosecution from a state court, "[t]he United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

The federal removal statute governing the removal of criminal prosecutions provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the

4

> district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The Supreme Court has held that a notice of removal under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. See Johnson v. Miss., 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (citing Georgia v. Rachel, 384 U.S. 780, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood v. Peacock, 384 U.S. 808, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)). First, it must appear that the right allegedly denied the removing defendant arises under a federal law "providing for specific civil rights stated in terms of *racial equality*." Johnson, 421 U.S. at 219 (emphasis added) (citation internal quotation omitted). Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice. Id. Similarly, assertions that

5

a removing defendant will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of Section 1443(1). Id. (citation omitted).

Second, it must appear, in accordance with the provisions of Section 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." Johnson, 421 U.S. at 219. This provision normally requires that the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." Id. (citation and internal quotation omitted). Under Section 1443(1),

> the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

City of Greenwood, 384 U.S. at 828. Failure to satisfy either prong of the two-pronged test is fatal to removal. Williams v. State of Miss., 608 F.2d 1021, 1022 (5th Cir. 1979)[2]; Provident

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard,

Funding Associates, LP v. Obande, 414 Fed. App'x 236 (11th Cir. 2011).

**B. Discussion**

Williams-Bey has failed to satisfy the two-prong test for § 1443(1). As noted *supra*, in support of removal, Williams-Bey argues that his criminal prosecution is subject to removal because he is a foreign citizen and the Treaty governs any prosecution of him. Williams-bey further contends the Defendants denied him his "inalienable rights" by spelling his name incorrectly, and assumed him to be a "Corporate Ward-ship 14th Amendment Artificial Negro Person/citizen, which resulted in an unlawful arrest-of-rights, immunities, and liberties" in violation of the Fourth Amendment. (Doc. 1 at 5). Williams-Bey's reliance on "rights of general application available to all persons or citizens" is not sufficient to support a valid claim for removal under § 1443(1). Alabama v. Conley, 245 F.3d 1292, 1295-96 (11th Cir. 2001). Indeed, the constitutional rights listed by Williams-Bey are not specific civil rights couched in terms of racial equality; rather, they are broad constitutional guarantees of general application. Therefore, none of these rights can serve as the basis for removal under Section 1443(1). See Johnson, 421 U.S. at 219 ("Claims that

---

661 F.2d 1206, 1207 (11th Cir. 1981).

prosecution and conviction will violate rights under constitutional . . . provisions of general applicability . . . will not suffice."). Because Williams-Bey has not shown that he relies upon a right that arose under federal law providing for specific civil rights stated in terms of racial equality, his criminal case is not removable under § 1443(1).

Williams-Bey has likewise failed to satisfy the second prong of the test for removal under Section 1443(1). As the Eleventh Circuit has explained, under the Supreme Court's interpretation of § 1443(1), it is not enough to allege that a defendant's civil rights have been corruptly denied in advance of trial, that the charges are false, or even that the defendant is unable to obtain a fair trial in a particular state court. Alabama v. Conley, 245 F.3d 1292, 1297 (11th Cir. 2001). Rather, the vindication of a defendant's federal rights is left to the state courts, unless it can be clearly predicted that the very act of bringing a defendant to trial will deny those rights. Id. Such a showing can be made if the civil rights act pursuant to which the defendant has filed a notice of removal immunizes the defendant from the prosecution at issue. See id., 245 F.3d at 1298. In the instant case, there is no basis for finding that Williams-Bey is immunized from the criminal charge that the city of Fairhope, Alabama has brought against him. Therefore, Williams-Bey has failed to satisfy the second prong

of the removal test for § 1443(1).

Williams-Bey has also failed to demonstrate that this action was properly removable to federal district court under § 1443(2), which provides removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." The first clause under § 1443(2), dealing with "any act under color of authority," confers the right to remove only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Taylor v. Phillips, 442 Fed. App'x 441, 443 (11th Cir. 2011) (citing City of Greenwood, 384 U.S. at 824). The second clause under § 1443(2), dealing with "refusing to do any act on the ground that it would be inconsistent with such law," allows the right to remove only to state officers. City of Greenwood, 384 U.S. at 824. (citations omitted). Williams-Bey has not shown that he is a state or federal officer, or working for one. Thus, Williams-Bey could not properly remove his state court criminal prosecution under § 1443(2).

## II. Conclusion

Based upon a careful review of the record, the undersigned RECOMMENDS that this action be remanded to the Municipal Court of the Fairhope, Alabama.[3]

### **Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **December, 2013.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Also pending before the Court is Williams-Bey's motion to proceed *in forma pauperis*. (Doc. 2). In light of the undersigned's recommendation, this motion is **DENIED** as moot.